UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTAL H.

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C26-5052-BAT

**ORDER**

Plaintiff appeals the ALJ's decision finding her not disabled. In September 2022, Plaintiff applied for Title XVI supplemental security income alleging disability as of 2006. Plaintiff subsequently amended her onset date to March 1, 2021, and requested a closed period of disability ending June 10, 2024. After conducting the hearing, the ALJ issued a decision finding Plaintiff's amputation of lesser toes bilaterally, degenerative disc disease of the lumbar spine, renal stones and generalized anxiety disorder are severe impairments; Plaintiff retains the residual functional capacity (RFC) to perform a full range of work at all levels with certain nonexertional and mental limitations; Plaintiff has no past relevant work but is not disabled because there are jobs the national economy that she can perform. Dkt. 19-31.

Plaintiff contends the ALJ erroneously discounted (1) her testimony and (2) the opinion of Abigail Ahyong M.D. about her physical limitations. For the reasons below the Court

ORDER - 1

**REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

### A.       Plaintiff's Testimony

Plaintiff testified her physical impairments affect her ability to lift, and bend; she cannot stand more than five minutes or walk more than ten; she has hand numbness; she has back pain limiting her ability to do daily tasks; she is not currently receiving treatment for her back; steroid injections helped her back but she is afraid to get more injections; she cannot shop or count change; she can do home chores and school work; she has missed school classes due to mental health problems; she needs to take breaks at school every 15 minutes; she is not taking any mental health medications or receiving counseling; she handles stress well but cannot keep a schedule and shuts down when feeling overwhelmed. Dkt. 23-24.

Plaintiff also testified she worked part-time at a welding shop, did welding for clients, graduated from welding school in 2024, and was in the process of being hired at a naval base. Plaintiff stated she did not have problems with instructors or fellow students but needed to take breaks. Plaintiff indicated she can drive a car and her reaching limits make it difficult to dress herself. Tr. 24. During the hearing before the ALJ, Plaintiff stated "mainly my mental health was holding me back" from working.

The ALJ discounted Plaintiff's testimony for several reasons. First the ALJ found Plaintiff started welding school in September 2022 just days after filing for disability application, completed her schooling, obtained work as a part-time as a welder performing work that would require standing, and using her hands to grip and lift. The ALJ found the physical demands of welding and Plaintiff's ability to successfully complete her welding course and obtain a part-time

ORDER - 2

job was inconsistent with claims she was disabled due to absenteeism or having off-task limitations.

Plaintiff contends the ALJ erred because Plaintiff's standing, gripping and lifting as a welder is not inconsistent with her testimony. The facts regarding Plaintiff's welding were not developed, and thus there is no basis to find Plaintiff's welding education and welding is inconsistent or consistent with her claims she has problems gripping, balancing and cannot stand more than 5 minutes. Plaintiff's activities are not on their face inconsistent with her claims. For instance, this is not a case in which Plaintiff claimed she cannot perform work driving a motor vehicle where she has engaged in driving that clearly shows otherwise.

Plaintiff also contends the ALJ erred in finding her ability to complete her welding training and obtain a part-time job as a welder is inconsistent with her claims regarding absenteeism and off-task behavior. Again, the facts regarding Plaintiff's welding training which included a work-study component were not developed. The ALJ thus had no basis to determine whether the program requirements undercut her claims about absenteeism, limited standing ability and need to sit or whether she was able to complete the programs with certain accommodations that may or may not be afforded in the workplace. Plaintiff's training and part-time work is thus not substantial evidence supporting the ALJ's determination to discount Plaintiff's testimony.

Plaintiff further argues the ALJ improperly discounted her testimony based upon her statements she used a motorized cart, used a shopping cart for balance, completed classwork with difficult, woke her son up, walked the dog, used public transportation, can perform daily chores including caring for her six-year old, can walk maybe a mile, can follow instructions, pay attention, handle stress and changes in routine. Plaintiff contends these are either unclear and

ORDER - 3

unconvincing reasons to discount her testimony, or do not account for her constant pain and do not contradict her testimony about absenteeism or needs to take a break every hour.

However, Plaintiff's testimony swing from being able to walk maybe a mile to being unable to stand for five minutes or walk for ten; being absent and needing breaks to caring for a six-year old child, and being able to follow instructions, handle stress and changes in routine. Given the inconsistencies in Plaintiff's claims, the Court finds the ALJ reasonably relied upon this evidence in discounting Plaintiff's testimony. The Court also finds Plaintiff made statements about her activities and abilities knowing whether she was in pain or not. Thus, the ALJ did not err in relying upon the activities because they failed to account for Plaintiff's pain complaints.

Plaintiff lastly argues the ALJ erroneously found the medical evidence undercuts her testimony. However, any error the ALJ committed in this regard is harmless because the ALJ provided other valid reasons supported by substantial evidence to discount Plaintiff's testimony. The Court accordingly affirms the ALJ determination to discount Plaintiff's testimony.

**B.    Dr. Ahyong's Opinions**

Plaintiff's treating doctor Abigail Ahyong opined in October 2022, work may worsen Plaintiff's pain and Plaintiff would miss work four or more days a month due to pain and standing limitations. The ALJ found these opinions were not supported by the doctor's treatment notes, specifically noting on December 23, 2023, Dr. Ahyong found Plaintiff had no edema and intact gait. Dr. Ahyong opined Plaintiff suffers from chronic pain syndrome, has pain in her feet and back and lumbar pain with sciatica down the right leg, and that Plaintiff's pain and lower back problems would limit her standing abilities. The ALJ did not point to any evidence contradicting these findings and did not explanation how or why edema and normal gait are inconsistent with Dr. Ahyong's opinion.

ORDER - 4

The ALJ also found Dr. Ahyong's opinion was not consistent with claimant's ability to complete a welding program but as noted above, the facts regarding the demands of the program were not developed and completion of the program is not substantial evidence upon which the ALJ could rely on to discount the doctor's opinion.

The ALJ further discounted Dr. Ahyong's opinion that Plaintiff has mild or moderate limitations regarding being on-task as inconsistent with her treatment notes that Plaintiff ceased mental health medication, reported in April 2024 good mood and was doing better and as inconsistent with her welding education. However, Dr. Ahyong also noted in June 2024, Plaintiff discontinued medications due to unwanted side effect, primarily sluggishness, low energy and mood; Plaintiff may need a psychiatric referral given possible underlying bipolar disorder due to high and low moods. Tr. 2510. The Court finds the ALJ erred in relying upon only limited portions of the record which do not paint an accurate picture of Plaintiff's treatment records.

In sum, the ALJ rationale for discounting Dr. Ahyong's opinions was based upon very specific citations to the record. The Court reviews the ALJ's rationale and finds the ALJ harmfully erred in rejecting Dr. Ahyong's opinions.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

The Court affirms the ALJ's determination to discount Plaintiff's testimony. On remand, the ALJ shall evaluate the opinions of Dr. Ahyong; develop the record and redetermine RFC as needed and proceed to the remaining steps of the five-step sequential disability evaluation process as appropriate.

ORDER - 5

DATED this 10th day of June, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER - 6